IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BARBARA O'BRIEN,

    Plaintiff,

v.                              Civil Action No. 5:10CV110
                                         (STAMP)
QUICKEN LOANS, INC.,
TITLE SOURCE INC. d/b/a
TITLE SOURCE, INC. of WEST VIRGINIA,
APPRAISALS UNLIMITED, INCORPORATED,
DEWEY V. GUIDA and JOHN DOE NOTE HOLDER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND;
DENYING DEFENDANTS' MOTION TO CORRECT DOCKET ENTRY;
DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR APPROVAL
OF SETTLEMENT AS BEING IN GOOD FAITH; AND
DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

I. Procedural History

The plaintiff commenced this civil action by filing a complaint in the Circuit Court of Ohio County, West Virginia alleging that she is the victim of a predatory lending scheme perpetrated by the defendants. The complaint includes the following causes of action: (1) unconscionability; (2) breach of the covenant of good faith and fair dealing; (3) fraud/intentional misrepresentation; (4) negligent misrepresentation; (5) illegal appraisal; and (6) breach of professional standards and professional negligence. The complaint further alleges that the plaintiff is entitled to compensatory and punitive damages.

This action is one of three cases arising out of an arrangement between a national lender, Quicken Loans, Inc. ("Quicken"), and a local appraiser whereby real estate appraisals were allegedly artificially inflated as part of a predatory lending scheme.[1]  The plaintiff in this case, the appraiser, Dewey Guida, and his company, Appraisals Unlimited Incorporated ("Appraisals Unlimited"), were in the process of negotiating a settlement agreement when Quicken filed its notice of removal.  During these negotiations, the settling defendants' attorney, Heather Noel ("Noel"), and the plaintiff's attorney, Jason Causey ("Causey"), exchanged a proposed settlement agreement.  Both Noel and Causey edited portions of the draft agreement.  On October 28, 2010, Noel sent an email to Causey raising a number of questions and concerns regarding Causey's rewrites, including how the settlement proceeds would be distributed and why Causey had deleted certain language from the proposed agreement.  The next day, October 29, 2010, at approximately 7:17 p.m., Noel emailed a letter to Causey advising him that her clients had agreed in full to the revisions of the settlement agreement.  At that time, no effort had been made to address the outstanding issues and questions raised in Noel's October 28, 2010 email.  Furthermore, the draft agreement had not yet been finalized.

---

[1] The other pending cases involve two unrelated individuals who also claim to be victims of the same predatory scheme.

Only a few hours after Noel sent the letter to Causey, at approximately 11:00 p.m. on October 29, 2010, the last day on which this action could be removed, Quicken faxed a notice of removal to the Clerk's Office of this Court. Attached to the notice of removal was Noel's October 29, 2010 letter. Citing this letter, Quicken alleged that a settlement had been reached with Guida and Appraisals Unlimited. Thus, they were no longer adverse parties and their citizenship could be disregarded for removal purposes.

Importantly, Quicken could not file its notice of removal via the CM/ECF system after hours on October 29, 2010 because the Clerk's Office was closed. It was not until Monday, November 1, 2010, that Quicken was able to electronically file its notice of removal after the Clerk's Office opened it as a new case and assigned a case number.

On November 1, 2010, Causey wrote to Noel indicating that he was confused by the October 29, 2010 letter. Causey pointed out that the draft agreement was still incomplete. Specifically, the draft agreement contained blanks for the amounts of the settlement checks. Therefore, in Causey's opinion, as of October 29, 2010, there was no agreement concerning the distribution of the settlement proceeds.

Causey wrote to Quicken and Title Source on November 10, 2010 requesting a voluntary remand. The defendants did not respond to this letter, but instead filed a motion to correct the docket entry

(Doc. 13), in which they request that this Court change the filing date of their notice of removal to October 29, 2010 -- the date that it was faxed to the Clerk's Office. The plaintiff then filed a response to the motion to correct the docket entry, to which the defendants replied.

On November 24, 2010, the plaintiff filed a motion to remand (Doc. 14) in which she argues that the defendants' notice of removal was untimely because it was filed more than one year after the case was originally brought in state court. Further, the plaintiff contends that Guida and Appraisals Unlimited were still parties to the case at the time of removal, and their presence prevented removal. Defendants Quicken and Title Source, Inc. ("Title Source") filed a response in opposition to the motion to remand. Subsequently, the plaintiff filed a reply brief.

One week later, on December 1, 2010, Appraisals Unlimited and Guida filed a motion for approval of settlement as being in good faith (Doc. 15) moving this Court to approve, ratify and confirm the settlement agreement entered into by and between the plaintiff, Appraisals Unlimited, and Guida. According to these defendants, the settlement was fair, reasonable, and made in good faith. Quicken and Title Source filed a response to the motion for approval of settlement as being in good faith stating that they do not object to the settlement between Appraisals Unlimited, Guida,

and the plaintiff. The plaintiff did not file a response to the motion for approval of settlement as being in good faith.

All three motions are currently pending before this Court and are ripe for review. For the reasons set forth below, the plaintiff's motion to remand is granted, Quicken's motion to correct the docket entry is denied, and the motion for approval of settlement as being in good faith is denied without prejudice.

## II. Facts[2]

The plaintiff, Barbara O'Brien, obtained at least two loans from Quicken, the first of which closed on or about February 2006. The second loan closed on November 15, 2007 and was a refinancing of the first loan. On or about November 15, 2007, the plaintiff executed a promissory note in the principal sum of $175,050.00, with an "interest only" feature. This note was secured by a deed of trust. The plaintiff contends that Quicken represented that by paying points, she would be buying down, or reducing, her interest rate. The plaintiff paid 3.625 points equaling $6,345.56. According to the plaintiff, Quicken's representations regarding the reduction of her interest rate were false, deceptive, and unfair. The plaintiff further alleges that Quicken and Title Source secured an inflated and inaccurate appraisal of the property from Appraisals Unlimited and Guida. Specifically, Guida and Appraisals

---

[2]For purposes of deciding this motion to remand, this Court considers, for the most part, the facts as presented in the plaintiff's complaint.

5

Unlimited issued a report dated October 30, 2007 that assigned an appraised value of $194,500.00 to the subject property. This value, according to the plaintiff, misrepresented the market value of the home, which was approximately $117,000.00 at the time of the appraisal. By overvaluing the plaintiff's home, this enabled Quicken to make a loan for an amount in excess of the home's market value. The appraisal secured by Quicken and Title Source for the February 2006 loan was likewise prepared by Guida and Appraisals Unlimited and was allegedly inflated as well.

## III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Further, the court is limited to a consideration of facts on the record at the time of removal. See

Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) (stating that in assessing whether removal was proper, the district court has before it only the limited universe of evidence available when the motion to remand is filed); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.").

## IV. Discussion

In her motion to remand, the plaintiff contends that because the defendants' notice of removal was filed more than one year after the case was commenced in state court, it is untimely and this Court has no jurisdiction to entertain it. The plaintiff further argues that because there was no settlement agreement in place as of October 29, 2010, Guida and Appraisals Unlimited remained parties to this case and their presence destroyed diversity. Finally, the plaintiff asserts that an award of attorney's fees is appropriate under 28 U.S.C. § 1447(c) because the defendants acted in bad faith in filing their notice of removal.

In response, the defendants argue that the notice of removal was timely filed by facsimile, in accordance with the local rules of this Court. The defendants also claim that the requirement for complete diversity was satisfied because a meeting of the minds had been reached between the plaintiff, Guida, and Appraisals Unlimited

and as a result, the settling defendants were no longer genuinely adverse to the plaintiff. Finally, the defendants counter that the plaintiff is not entitled to fees and costs because removal was proper. This Court addresses all three arguments in turn.

A.  Timeliness of Removal

The procedure for removal is governed by 28 U.S.C. § 1446, which provides, in relevant part:

> (a)  A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.
>
> (b)  . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(a),(b). "In diversity cases, the statute explicitly safeguards against . . . a strategic delay by erecting an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than 1 year after commencement of the action.'" Lovern v. General Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997) (quoting 28 U.S.C. § 1446(b)); see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 62 (1996) (stating that no case may be removed based on diversity more than one year after commencement of

the action); Price v. Messer, 872 F. Supp. 317, 320 (S.D. W. Va. 1995) (recognizing that the one year cap of § 1446(b) is a jurisdictional limitation that should be rigidly observed to prevent removal of diversity cases pending in state court for more than one year).

In this case, the defendants faxed their notice of removal to the Clerk's Office on October 29, 2010 -- the one-year removal deadline. But the defendants did not electronically file the notice of removal until November 1, 2010 -- one year and three days after this case was first commenced in state court. Thus, the central issue with regard to timeliness is whether the notice of removal can be considered filed as of October 29, 2010. This Court finds that it cannot do so.

In support of their contention that the notice of removal was timely filed by fax, the defendants rely on Rule 5.04(h) of the Local Rules of General Procedure of this Court, which states:

> A fax copy of a document shall be deemed filed when it arrives in its entirety on a Clerk's Office fax machine without regard to the hours of operation of the Clerk's Office. Upon receiving a faxed filing, the Clerk of the Court shall note the filing date on the fax copy in the same manner as with other documents filed by mail or in person.

LR Gen P 5.04(h). The defendants also highlight Rule 5.05(a) of the Local Rules of General Procedure: "A party may file any document in a civil action, other than a complaint or petition, by fax transmission. The Clerk shall accept the document as filed if

9

the filing and the document comply with these and other applicable rules and statutes." LR Gen P 5.05(a). Because the document was received in its entirety by fax on October 29, 2010, the defendants argue that it should be deemed filed as of that date.

The plaintiff cites Rule 5.01 of the Local Rules of General Procedure, as well as the United States District Court for the Northern District of West Virginia Attorney Filing Manual ("Attorney Filing Manual"), in support of her position that the notice of removal was not timely filed. Rule 5.01 provides: "Absent good cause, counsel shall file electronically using CM/ECF in this Court." LR Gen P 5.01(a). Section 8 of the Attorney Filing Manual sets forth the rules for filing any "initiating document," including a notice of removal:

> A. Filers must deliver a civil cover sheet and the appropriate filing fee to the Clerk's Office by mail, personal delivery or other means to open new civil actions.
>
> B. Upon the civil cover sheet and filing fee, the Clerk's Office will open the case and assign a case number. Once the case is open, the Clerk's Office will electronically notify the filer to file the civil complaint, petition, notice of removal, or other documents.
>
> C. After receiving the electronic notice from the clerk, the filer shall electronically file the complaint, petition, notice of removal, or other initiating document. Electronic delivery of the complaint, petition, notice of removal, or other initiating document to the Court's CM/ECF System constitutes "filing."
>
> D. **NOTE: Pursuant to Rule 3 of the Federal Rules of Civil Procedure, the statute of limitations is <u>not</u> tolled by this procedure until the complaint, petition, notice**

**of removal, or other initiating document is filed with this Court and the filing fee is paid.**

(Att'y Filing Manual § 8.) According to the plaintiff, the defendants' delivery of the notice of removal by fax after regular office hours had no legal effect. It was not until November 1, 2010, when the Clerk's Office opened the case, assigned a case number, and enabled the defendants to electronically file their notice, that the notice of removal was actually filed. The plaintiff asserts that the docket sheet accurately reflects November 1, 2010 as the filing date of the notice of removal because this is the date that the defendants complied with the requirements of Section 8 of the Attorney Filing Manual.

While this Court acknowledges that the Local Rules provide for filing by fax, this Court finds that in this case, the defendants' transmission of the notice of removal by fax one hour before the one-year deadline expired did not comply with the rules regarding the commencement of a civil action. Therefore, the notice of removal cannot be considered timely.

As the defendants correctly note, "[t]o the extent [the] Attorney Filing Manual conflicts with the Court's existing Local Rules, the Local Rules take precedence." (Att'y Filing Manual at 2.) However, this clarification does not enable the defendants to disregard the rules for commencing a civil action. In fact, the Local Rules specifically provide that parties may file certain documents by fax, but that "[t]he Clerk shall accept the document

11

as filed <u>if the filing and the document comply with these and other applicable rules and statutes</u>."  LR Gen P 5.05(a) (emphasis added).

Rather than complying with the rules for commencing a civil action and Local Rule of General Procedure 5.01(a) requiring electronic filing absent good cause, the defendants sent a late-night fax to the Clerk's Office and assumed that they could complete the other filing requirements at a later date.  The defendants included a civil cover sheet with their fax, but they had not yet paid the appropriate filing fee to the Clerk's Office (the filing fee was not paid until November 1, 2010).[3]  Because the Clerk's Office did not see the fax until November 1, 2010, a case number could not be assigned and the case could not be opened until that day.  Once the case was opened, the defendants were then able to file the notice of removal electronically.

Significantly, the Attorney Filing Manual states that "[e]lectronic delivery of the . . . notice of removal . . . to the Court's CM/ECF System constitutes 'filing.'"  (Att'y Filing Manual § 8(C).)  Further, the Manual provides that "the statute of limitations is <u>not</u> tolled . . until the . . . notice of removal . . . is filed with this Court and the filing fee is paid."  (Att'y

---

[3]Although the docket sheet indicates that the civil cover sheet and the filing fee were filed on October 29, 2010, this is not the case.  The cover sheet was faxed along with the notice of removal on October 29, 2011 and was entered by the Clerk's Office on November 1, 2010.  When the Clerk's Office entered the civil cover sheet, it was back-dated to October 29, 2010.  The filing fee was paid on November 1, 2010.

Filing Manual § 8(D).)  These rules for commencement of a civil action that appear in the Attorney Filing Manual are the same as those listed in the United States District Court for the Northern District of West Virginia Administrative Procedures for Electronic Case Filing ("Administrative Procedures").  The Administrative Procedures state that "[t]o the extent these Administrative Procedures conflict with the Court's existing Local Rules, these Administrative Procedures take precedence."  (Admin. Procedures at ii.)  Both the Administrative Procedures, which trump the Local Rules, and the Attorney Filing Manual clearly set forth what constitutes "filing" of an initiating document such as a notice of removal, and the defendants' fax does not meet these requirements.[4]

Because the defendants' faxed notice of removal did not comply with the applicable rules for commencing a civil action, the Clerk's Office could not accept it as filed on October 29, 2010. See LR Gen P 5.05(a).  As of October 29, 2010, this case had not been opened, a case number had not been assigned, and the filing fee had not been paid.  These steps were not taken until November 1, 2010, after the time for filing a notice of removal had expired.

---

[4]The preface to the Local Rules provides: "A district judge may, in the interest of orderly, expeditious, and efficient administration of justice, allow departures from these Local Rules when warranted by particular facts and circumstances."  Thus, this Court relies not only on the fact that the Administrative Procedures take precedence over the Local Rules, but also on the fact that a departure from the Local Rules is warranted in this case.

Therefore, the notice of removal is untimely and the motion to remand must be granted.

B.  <u>Diversity of Citizenship</u>

Even if this Court were to find that the defendants had timely filed their notice of removal, remand must be granted because at the time of removal, complete diversity of citizenship did not exist.  <u>See</u> 28 U.S.C. § 1332(a).  The United States Court of Appeals for the Fourth Circuit interprets 28 U.S.C. § 1446 to allow removal after the voluntary discontinuance of an action against a non-diverse defendant.  <u>Higgins v. E.I. DuPont de Nemours & Co.</u>, 863 F.2d 1162, 1166 (4th Cir. 1988).  Further, a federal court must disregard nominal or formal parties and rest jurisdiction upon the citizenship of real parties to the controversy.  <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 460-61 (1980).  "A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court."  14B C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3723, at 716 (2009); <u>see</u> <u>King v. Kyak Mfg. Corp.</u>, 688 F. Supp. 227, 230 (N.D. W. Va. 1988) (holding that removal was appropriate because the diversity-defeating defendant voluntarily settled with the plaintiff and the state trial judge announced that he was not longer a party to the case).  A written order of dismissal is not necessarily required to determine whether a case is ripe for removal.  <u>See</u> <u>King</u>, 688 F. Supp at 230.  But "for a case to become

14

removable as a consequence of a settlement between the plaintiff and the only nondiverse party, a defendant must be able to establish with a reasonable degree of certainty that dismissal of the nondiverse defendant is an inevitability." See <u>Allison v. Meadows</u> No. 2:05-CV-00092, 2005 WL 2016815, at *3 (S.D. W. Va. Aug. 22, 2005).

In this case, the only proof of settlement provided by the defendants is the October 29, 2010 letter from Noel stating that her clients have agreed in full to the revisions in the language of the Release in Full of All Claims. (Mot. to Remand Ex. B.) After reviewing the record, this Court finds no evidence proving that the plaintiff, Guida, and Appraisals Unlimited had arrived at a final settlement. The draft release provided to Noel on October 15, 2010 contained blanks instead of distribution amounts. The October 28, 2010 email from Noel to Causey includes a question regarding the distribution of the settlement and a request for clarification of the exclusion of language regarding the Brown findings of fact and conclusions of law. Although the correspondence traded between the attorneys indicates that settlement discussions were progressing, there is no indication that the parties had reached a meeting of the minds regarding settlement. Contrary to the defendants' representations, this Court finds that the conduct of the parties does <u>not</u> demonstrate that a settlement had been reached. At the time of removal, multiple issues had yet to be decided regarding

15

settlement, including the amount of the distributions and the exact wording of the release language. These issues were not mere "clerical details" or "minutiae"; they were central to the finality of settlement.

Because this Court finds that Guida and Appraisals Unlimited's dismissal was not an inevitability at the time of removal, removal is not appropriate. See Allison, 2005 WL 2016815, at *3. The defendants' letter indicating an intent to settle "is not a sufficiently certain indication that the case is one which is or has become removable." Id. Thus, the defendants' proof of settlement fails the Allison reasonable certainty test, and remand must be granted.

C. Attorney's Fees

In addition to a remand, the plaintiff asks that this Court award her the attorney's fees and costs associated with pursuing this motion. With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n. 2 (4th Cir. 1996). This Court finds that such fees and costs are inappropriate in this matter because the defendants asserted at least a colorable claim to removal jurisdiction in this Court. Accordingly, this Court finds that the

plaintiff's request for an award of attorney's fees and costs should be denied.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand (Doc. 14) is GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. The defendants' motion for approval of settlement as being in good faith (Doc. 15) is hereby DENIED WITHOUT PREJUDICE to re-filing in state court, and the defendants' motion to correct docket entry (Doc. 13) is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 27, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE